UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TYJUAN GEE,

                    Plaintiff,                              Case No. 2:25-cv-107

v.                                                          Honorable Phillip J. Green

GEORGE WOOD, et al.,

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

In a separate order, the Court has granted Plaintiff leave to proceed *in forma

pauperis*.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil

Procedure, Plaintiff consented to proceed in all matters in this action under the

jurisdiction of a United States Magistrate Judge.  (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison

Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is

required to conduct this initial review prior to the service of the complaint.  *See In re

Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v.

Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's

relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendants are not parties who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

## I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan.  The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi E. Washington and the following LMF staff: Warden Douglas Tasson and Psychotherapists George Wood and Unknown Salmi. (ECF No. 1, PageID.4–5.)

Plaintiff alleges he sent multiple kites to mental health services, placing Defendant Wood "on 'notice'" that Plaintiff was seeking to be placed back on medication for depression, anxiety, and PTSD.  (*Id.*, PageID.6.)  Defendant Wood did not respond to Plaintiff's kites.  (*Id.*)  Plaintiff states that his medical records indicate that he had been provided medication in the past and, therefore, Plaintiff's request to be placed back on medication was "not unreasonable."  (*Id.*, PageID.7.)

Plaintiff also alleges that he sent letters to Defendant Salmi explaining "in great detail" Plaintiff's need to "see mental health service," but Defendant Salmi did not respond.  (*Id.*, PageID.8.)  Plaintiff attempted to speak with Defendant Salmi during her segregation rounds on five occasions, but Defendant Salmi refused to stop to speak with Plaintiff.  (*Id.*)

Finally, Plaintiff states that he repeatedly sent kites to the "Warden's Office" and letters to Defendant Washington concerning "the Plaintiff being deprived of mental health service;" however, Plaintiff did not receive a response from either Defendant.  (*Id.*, PageID.10; 11.)

4

Plaintiff brings claims for violation of his Eighth Amendment rights. (*Id.*, PageID.7–12.) He also alleges that Defendants engaged in "intentional infliction of mental anguish" and violated MDOC policy. (*Id.*) As a result of the events described in the complaint, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.12–13.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*,

630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Eighth Amendment Claims

Plaintiff's complaint concerns an alleged denial of medical care in violation of Plaintiff's Eighth Amendment rights.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is

sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 927 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

Here, Plaintiff's complaint fails to satisfy either the objective or the subjective component. First, Plaintiff indicates that he has previously been diagnosed with depression, anxiety, and PTSD. However, Plaintiff fails to provide the Court with any factual detail that would plausibly suggest that Plaintiff was experiencing a serious medical need at the time of the events described that, without medication or mental health treatment, would place Plaintiff at a substantial risk of serious harm. In fact, Plaintiff fails to provide the Court with any factual information regarding Plaintiff's medical condition beyond Plaintiff's previous diagnoses.

Plaintiff states, in a conclusory fashion, that he suffers "serious medication needs" (ECF No. 1, PageID.6) and "serious mental health needs" (*id.*, PageID.9.); however, Plaintiff's vague and conclusory allegations are insufficient to show that Plaintiff was suffering from an objectively serious medical need at the time of the events described in the complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.  Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claims.

Moreover, Plaintiff describes that he sent "kites" and "letters" to Defendants concerning Plaintiff's requests for medication and mental health care and tried to persuade Defendant Salmi to come to his cell during her segregation rounds on five occasions; however, he fails to provide the Court with any facts concerning the content of his communications as it relates to his medical needs.  For this reason, Plaintiff has failed to plausibly suggest that any named Defendant was personally aware that Plaintiff faced a substantial risk of serious harm such that Defendants' failure to respond to Plaintiff's letters and requests could be said to be deliberately indifferent. Therefore, for this additional reason, Plaintiff fails to state an Eighth Amendment claim upon which relief can be granted.

Finally, Plaintiff alleges that Defendants Washington and Tasson violated Plaintiff's constitutional rights by failing to respond to Plaintiff's kites and letters concerning the lack of mental health care being provided to him at LMF.  (ECF No. 1, PageID.10, 11.)   These allegations, taken as true, fail to allege the active

unconstitutional conduct required to impose liability on Defendants Washington and Tasson under § 1983.

It is well established in the Sixth Circuit that to state a cognizable claim under Section 1983, a plaintiff must allege personal involvement by each of the named defendants. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). In other words, "liability under § 1983 . . . cannot be based upon a 'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails to allege that Defendants Washington and Tasson were personally involved in the provision of medical or mental health care to LMF prisoners, including Plaintiff. Rather, the only conduct attributed to these Defendants is a failure to respond to Plaintiff's written complaints. Courts have consistently dismissed similar claims based on a warden's failure to respond to a prisoner's letters or grievances concerning subordinates' alleged constitutional violations. *See Baker v. Michigan Dep't of Corrs.*, No. 1:13–cv–284, 2013 WL 2318900, at *6 (W.D. Mich. May 28, 2013) (dismissing the plaintiff's claims against the warden and deputy warden because the plaintiff's allegations that they failed to respond to his letters of complaint failed to establish that the defendants engaged in active

10

unconstitutional behavior); *Johnson v. Corizon Corr. Healthcare*, No. 1:12–cv–1368, 2013 WL 227751, at \*5 (W.D. Mich. Jan. 22, 2013) (dismissing claims against warden and deputy warden because the plaintiff alleged nothing more than that they failed to respond to the plaintiff's letters of complaint); *Wiley v. Kentucky Dep't of Corrs.*, No. 11–97, 2012 WL 5878678, at \*7 (E.D. Ky. Nov. 21, 2012) ("Wiley's allegation that he wrote letters and/or grievances to Warden Beckstrom complaining about Boyce's failure to provide him with a Quran fails to state a claim for relief because a warden's failure to respond to, or act upon, a grievance is insufficient to support a claim of supervisory liability under § 1983."); *Cooke v. Morgan*, No. 11-073, 2011 WL 5523267, at \*3 (D. Del. Nov. 14, 2011) ("Plaintiff cannot maintain a constitutional claim merely because Warden Morgan did not respond to his letter."); *Alder v. Anderson*, No. 06-cv-12612, 2006 WL 1791338, at \*3 (E.D. Mich. June 27, 2006) (concluding that the warden's alleged failure to respond to or investigate the plaintiff's grievances was insufficient to state a claim under Section 1983).

Moreover, Plaintiff's claims also fail to the extent that there are based on supervisory liability. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Supervisory liability attaches only if the plaintiff shows that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [defendant]." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (internal quotation marks omitted). Because Plaintiff makes no such

allegations, he fails to assert a valid supervisory liability claim against Defendants Washington or Tasson.

Therefore, for each of these reasons, the Court will dismiss Plaintiff's Eighth Amendment claims.

### B.    Claims for Violation of MDOC Policy

Plaintiff alleges that the actions of Defendants violated MDOC policy.  To the extent that Plaintiff seeks to bring independent claims for these alleged violations, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Therefore, Plaintiff's assertion that Defendants violated MDOC policy fails to state a claim under § 1983.

### C.    Claims of Intentional "Intentional Infliction of Mental Anguish"

Lastly, Plaintiff alleges that Defendants engaged in "intentional infliction of mental anguish." (ECF No. 1, PageID.7, 9.)  The Court will construe this allegation to raise a state law claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional district under Michigan law, a plaintiff "must allege extreme or outrageous conduct which, intentionally or recklessly, causes extreme emotional distress." *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005) (citations omitted).  "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting *Doe v. Mills,* 536 N.W.2d 824, 833 (Mich. Ct. App. 1995)). "A plaintiff can show that a defendant specifically intended to cause a plaintiff emotional distress or that a defendant's conduct was so reckless that 'any reasonable person would know emotional distress would result.'" *Id.* (quoting *Lewis v. LeGrow,* 670 N.W.2d 675, 689 (Mich. Ct. App. 2003).

Here, Plaintiff has not included any facts that would suggest that the Defendants intended to subject him to emotional distress by denying him medical treatment. There is nothing within the complaint to indicate that Defendants ignored Plaintiff's kites and letters for the purpose of causing Plaintiff emotional distress, nor has Plaintiff provided the Court with any facts that would suggest that a reasonable person would have known that emotional distress would result.

Moreover, the Sixth Circuit has concluded that even a denial of medical care that could be construed as deliberately indifferent does not necessarily rise to the level of "extreme and outrageous conduct" needed to maintain a claim for intentional infliction of emotional distress. *See, e.g., Garretson*, 407 F.3d at 799 (holding that the plaintiff failed to show mistreatment "beyond all possible bounds of decency" for purposes of the tort of intentional infliction of emotional distress where the plaintiff was denied insulin and medical treatment in a jail setting); *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010) (holding that that the plaintiff failed to demonstrate the level of wrongful conduct required to maintain a claim for intentional infliction of emotional distress where two nurses received medical kites from the decedent

pretrial detainee that claimed he was seriously ill and subsequently ignored those kites for several months, concluding instead that he was faking it, ultimately leading to his death).  Therefore, here as well, Plaintiff's allegations do not suggest the type of "egregious mistreatment which is 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" needed to maintain a claim for intentional infliction of emotional distress. *Garretson*, 407 F.3d at 799.

Therefore, for each of the foregoing reasons, the Court will dismiss Plaintiff's state law claim for intentional infliction of emotional distress.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v*, 114 F.3d at 611.  Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-

14

strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate

filing fee in one lump sum.

      A judgment consistent with this opinion will be entered.


Dated:  __June 9, 2025_____        __/s/ Phillip J. Green_____
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge